Peter O. Hansen, OSB #751491
Email: poh@pohansenlaw.com
620 S.W. Fifth Avenue, Suite 1210
Portland, Oregon 97205
Telephone: (503) 228-6040
Facsimile: (503) 226-0457

J. Randolph Pickett, OSB # 721974
Email: randy@pickettdummigan.com
R. Brendan Dummigan, OSB #932588
Email: brendan@pickettdummigan.com
Kristen West McCall, OSB #061380
Email: kristen@pickettdummigan.com
PICKETT DUMMIGAN LLP
621 S.W. Morrison Street, Suite 900
Portland, Oregon 97205
Telephone: (503) 223-7770
Facsimile: (503) 227-2530

of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **KERRY LAW,** | Case No. 3:14-cv-00798 |
| Plaintiff, | **COMPLAINT** |
| v. | Personal Injury - Strict Liability - Negligence |
| **KOMATSU AMERICA CORP.** dba KOMATSU AMERICA INTERNATIONAL COMPANY**;** and **MODERN MACHINERY CO., INC.,** | Jury Trial Requested |
| Defendants. | |

Plaintiff, for CLAIM FOR RELIEF against defendants, alleges:

**COUNT ONE**
**(Strict Liability)**

**(Against Defendants Komatsu America Corp. and Modern Machinery Co., Inc.)**

Page 1 - COMPLAINT

1.

At all times material hereto:

- a) Defendant Komatsu America Corp. dba Komatsu America International Company ("KOMATSU"), was a foreign corporation with a principal place of business in the state of Illinois, engaged in the business of manufacturing, designing, testing, distributing, and selling heavy equipment, including, but not limited to, hydraulic excavators, some of which were ultimately sold in the state of Oregon;

- b) Defendant Komatsu carried on regular and sustained business activity within the county of Multnomah, state of Oregon, by distributing and selling heavy equipment, including, but not limited to, hydraulic excavators, through authorized dealers located in Multnomah County to customers located in Multnomah and Clackamas counties;

- c) Defendant Modern Machinery Co., Inc. ("MODERN MACHINERY") was a foreign corporation with a principal place of business in the state of Montana, engaged in the business of distributing and selling heavy equipment, including, but not limited to, hydraulic excavators, to the general public;

- d) Defendant Modern Machinery carried on regular and sustained business activity within the county of Multnomah, state of Oregon, by selling, servicing, and maintaining heavy equipment, including, but not limited to, hydraulic excavators, throughout Multnomah County, including heavy equipment manufactured by Komatsu, and maintained a place of business located at 5241 N.E. 82nd Avenue, city of Portland, county of Multnomah, state of Oregon;

- e) Plaintiff was a resident of the city of Sandy, county of Clackamas, state of Oregon, was an employee of Envirocon Inc. ("ENVIROCON"), and was hired by and worked out of its environmental remediation division, located at 3300 NW Yeon Ave, city of Portland, county of Multnomah, state of Oregon, as a heavy equipment operator;

- f) Based on information and belief, the Portland environmental remediation division of plaintiff's employer purchased a PC78 Komatsu hydraulic excavator manufactured by defendant Komatsu, and sold by defendant Modern Machinery, the authorized dealer of defendant Komatsu, at its location at 5241 N.E. 82nd Avenue, city of Portland, county of Multnomah, state of Oregon, sometime around the year 2008.

2.

This is a civil action over which this court has original jurisdiction pursuant to 28 U.S.C. §1332. This action involves a controversy between citizens of different states; none of the defendants is a citizen of Oregon; plaintiff is a citizen of the state of Oregon; and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Venue is proper in this court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

3.

Plaintiff was hired by Envirocon's Portland environmental remediation division as a heavy equipment operator in 2008.  He worked on various demolition projects in the western half of the United States.  In February, 2012, plaintiff was sent by his employer to work on a project involving the demolition of a propane plant owned by British Petroleum ("BP"), in Ulysses, Kansas.  During the course of the project, plaintiff would regularly operate the aforementioned PC78 Komatsu hydraulic excavator.

4.

Around April 2012, the PC78 Komatsu hydraulic excavator began to sporadically lose power on occasion.  Plaintiff reported the problem to his employer, both orally and in writing, and was informed that a part to fix the problem had been ordered.  The problem worsened, and rather than just losing power, the PC78 Komatsu hydraulic excavator would shut down completely on occasion.  Plaintiff continued to report these problems to his employer, but was given the same response, *i.e.*, a part was on order, and instructed to continue using the machine.

5.

On or about May 18, 2012, plaintiff was operating the aforementioned PC78 Komatsu hydraulic excavator, digging up pipes and soil contaminants while working on a platform. Plaintiff was operating the PC78 near the edge of the platform, and was in the process of checking to make sure he did not get too close to the edge, and moving the tracks to get away from the edge, when the PC78 suddenly stopped. The machine now had no electrical or hydraulic power, and plaintiff was unable to move the machine or lower the bucket to stabilize it.

6.

After balancing momentarily on the edge of the platform, the machine began to tip over. Because of the total absence of hydraulic and electrical power, and the lack of warning of an imminent tip-over, plaintiff was unable to stabilize or move the machine to a safer position. As plaintiff was attempting to reach for the control lever and restart the engine, it tipped over, causing plaintiff injuries as hereinafter set forth.

7.

On account of the aforementioned incident, plaintiff suffered injuries which were caused, contributed to, and/or enhanced by the negligence and/or strict liability of defendants as hereinafter set forth.

8.

The aforementioned hydraulic excavator was designed, manufactured, distributed, tested, inspected, packaged, and sold by defendants. Defendants knew the hydraulic excavator would be used by ultimate purchasers without substantial change in its condition from the time of its manufacture and initial sale, and the hydraulic excavator, was, in fact, in substantially the same condition at the time of its use by plaintiff, and was being used in a reasonable and foreseeable manner.

9.

Defendants, and each of them, are strictly liable for designing, manufacturing, distributing, testing, inspecting, and selling the aforementioned excavator in an unreasonably dangerous condition for the use intended in one or more of the following particulars:

a) The hydraulic excavator was not properly designed because it did not have a means of permitting hydraulic power to lower the boom in order to stabilize the machine in the event of a sudden loss of power;

b) The hydraulic excavator was not properly designed because it did not have a back-up method of providing power to the machine in the event of a sudden loss of hydraulic or electrical power, in order to allow the operator a safe method to stop and stabilize the machine, and then restart it;

c) The hydraulic excavator was sold without adequate warnings, either by way of warnings in the Operator's Manual, or by way of warning decals placed in strategic locations in the hydraulic excavator, of the risk of serious injury in the event the operator was unable to stabilize or move the machine because of a sudden loss of hydraulic or electrical power;

d) The hydraulic excavator was not properly inspected and tested prior to its sale, when proper testing and inspection would have indicated the risk of serious injury to the operator in the event the operator was unable to stabilize or move the machine because of a sudden loss of hydraulic or electrical power;

e) The hydraulic excavator was not properly designed because it did not have an adequate seat belt and rollover protection structure ("ROPS"), which should have included a better seat belt and shoulder harness system, that would keep the operator in a safe position in the event of a tip-over;

f) The hydraulic excavator was not properly designed because it did not have an audible stability indicator that warned the operator when the machine was in danger of tipping, including instructions regarding maximum slope of operation;

g) The hydraulic excavator was not properly designed and did not have adequate and realistic instructions and procedures on how to safely stabilize and control the machine (lower the work equipment) when the engine stops due to abnormality.

10.

The fault and/or negligence of defendants, and each of them, as set forth herein, was a substantial factor in causing, contributing to, enhancing, and/or aggravating the following injuries to plaintiff:

Page 5 - COMPLAINT

      a)      Concussion and post-concussion syndrome;

      b)      Cognitive inefficiencies with impairments in sleep and balance related to concussion;

      c)      Emotional discontrol secondary to concussion;

      d)      Traumatic brain injury;

      e)      Right clavicle dislocation;

      f)      Sternoclavicular joint injury with persistent pain;

      g)      Decreased shoulder range of motion;

      h)      Aggravation of pre-existing tinnitus;

      i)      Back pain;

      j)      Dizziness.

11.

As a result of the aforementioned injuries, plaintiff has been rendered sick, sore, nervous and distressed, and suffered permanent injury and loss of enjoyment of life, and will continue to experience pain and suffering and loss of enjoyment of life in the future, all to his noneconomic damage in the sum of $1,500,000.00.

12.

As a result of the aforementioned injuries, plaintiff has incurred reasonable and necessary medical, hospital, doctor, therapy, nursing, and rehabilitation expenses to date in the sum of $99,107.43; plaintiff will incur reasonable and necessary medical, hospital, doctor, therapy, and nursing expenses in the future in an amount to be determined by time of trial; and plaintiff has incurred lost wages to date in the sum of $133,461.60, and will incur lost wages and/or a loss of earning capacity in the future, in an amount to be determined by time of trial; all to his economic damage to date in the sum of $232,569.03.

13.

Plaintiff hereby demands a jury trial.

## COUNT TWO
## (Negligence)

### (Against Defendants Komatsu America Corp. and Modern Machinery Co., Inc.)

14.

Plaintiff realleges ¶¶ 1 through 8 and 10 through 13 of Count One of his Complaint.

15.

Defendants Komatsu and Modern Machinery were negligent in one or more of the particulars alleged in ¶ 8 of Count One.

16.

Defendants, and each of them, were also negligent in failing to have an adequate parts ordering system for their customers, so that plaintiff's employer, Envirocon, could have promptly received the replacement part that had been ordered, and repaired the PC Komatsu hydraulic excavator, so that it no longer lost power or had the engine stop running.

WHEREFORE plaintiff prays for judgment against defendants, and each of them, in the sum of $1,732,569.03, and for his costs and disbursements incurred herein.

DATED this 14th day of May, 2014.

  s/ J. Randolph Pickett  
J. Randolph Pickett, OSB #721974
R. Brendan Dummigan, OSB #932588
Kristen West McCall, OSB #061380
PICKETT DUMMIGAN LLP

Peter O. Hansen, OSB #751491
HANSEN MALAGON

of Attorneys for Plaintiff

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KERRY LAW

**(b)** County of Residence of First Listed Plaintiff: Clackamas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
PICKETT DUMMIGAN LLP, 621 SW MORRISON STREET, SUITE 900
PORTLAND, OR 97205; 503-223-7770

## DEFENDANTS
KOMATSU AMERICA CORP. dba KOMATSU AMERICA INTERNATIONAL COMPANY and MODERN MACHINERY CO., INC.

County of Residence of First Listed Defendant: Cook
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC, Section 1332
Brief description of cause:
Products Liability Case/Industrial Equipment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 1,732,569.03
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 05/14/2014
SIGNATURE OF ATTORNEY OF RECORD: s/J. Randolph Pickett

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Oregon

| | | |
|---|---|---|
| KERRY LAW | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. 3:14-cv-00798 |
| KOMATSU AMERICA CORP. dba KOMATSU AMERICA INTERNATIONAL COMPANY; and MODERN MACHINERY CO., INC. | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* KOMATSU AMERICA CORP dba KOMATSU AMERICA INTERNATIONAL COMPANY
R/A C T CORPORATION SYSTEM
208 SO LASALLE STREET, SUITE 814
CHICAGO, IL  60604

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

J. RANDOLPH PICKETT, OSB #721974
PICKETT DUMMIGAN LLP
621 SW MORRISON STREET, SUITE 900
PORTLAND, OR  97205
Telephone: (503) 223-7770

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:14-cv-00798

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____
                                                                    _____
                                                                    *Server's signature*

                                                                    _____
                                                                    *Printed name and title*

                                                                    _____
                                                                    *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Oregon

| | | |
|---|---|---|
| KERRY LAW <br><br> *Plaintiff(s)* <br> v. <br> KOMATSU AMERICA CORP. dba KOMATSU AMERICA INTERNATIONAL COMPANY; and MODERN MACHINERY CO., INC. <br><br> *Defendant(s)* | ))))))))))))) | Civil Action No. 3:14-cv-00798 |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  MODERN MACHINERY CO., INC.
R/A, PHIL BERARD
5241 NE 82nd Avenue
Portland, OR  97294


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

J. RANDOLPH PICKETT, OSB #721974
PICKETT DUMMIGAN LLP
621 SW MORRISON STREET, SUITE 900
PORTLAND, OR  97205
Telephone: (503) 223-7770

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                            _____
                                                                                          *Signature of Clerk or Deputy Clerk*

Civil Action No. 3:14-cv-00798

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: